UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ETTA LOWERY, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 2:10-CV-00224-LSC |
| WELLS FARGO BANK, N.A., d/b/a | ] |
| Wells Fargo Home Mortgage d/b/a | ] |
| Wells Fargo Home Equity, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.  Introduction.

The Court has for consideration a motion to dismiss, which was filed by the defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), on March 3, 2010. (Doc. 7.)  Plaintiff Etta Lowery ("Lowery") filed suit *pro se* against Wells Fargo in the Circuit Court of Shelby County, Alabama, on December 23, 2009.  The action was removed to this Court on January 29, 2010.  In response to Defendant's initial motion to dismiss, Plaintiff sought to amend her complaint "to effectively present a good cause of action, correct

defects, and assert her substantive rights" (Doc. 5 at 1); the motion was granted.

In the Amended Complaint (Doc. 6), filed February 17, 2010, Lowery alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. Lowery contends that Wells Fargo failed to provide certain material disclosures when she signed two mortgage loans in September 2003 and fraudulently concealed the lack of disclosures.

The issues raised in Defendant's motion to dismiss have been briefed by all parties and are ripe for decision. Upon full consideration, Wells Fargo's motion to dismiss will be granted in all respects.

II. Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its

consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(internal citations omitted).[1] The plaintiff must plead "enough facts

---

[1] In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). And, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the

factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id*. (quoting *Iqbal*, 129 S. Ct. at 1951-52).

However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997). Moreover, a court must be particularly liberal in interpreting the "inartful pleading" of a *pro se* plaintiff. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

III.  Analysis.

In the Amended Complaint, Plaintiff contends that Wells Fargo did not provide all TILA-required disclosures when she executed two mortgage loans in September 2003. "A creditor is liable for money damages for any failure to comply with the requirements of [TILA]." *In re Smith*, 737 F.2d 1549, 1551 (11th Cir. 1984). In order to bring an action against a creditor for statutory damages under TILA, however, a debtor must commence her action "within one year from the date of the occurrence of the violation."

*Id*. at 1552 (quoting 15 U.S.C. § 1640(e)). "The violation 'occurs' when the transaction is consummated[, and n]ondisclosure is not a continuing violation for purposes of the statute of limitations." *Id*. TILA also gives a consumer debtor the right of rescission in instances when a creditor fails to make *material* disclosures. *Id*. at 1554. Pursuant to 15 U.S.C. § 1635(f), the right to rescind "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . ."

Lowery initially filed this action in state court on December 23, 2009, over six years after she executed the loans in dispute. Clearly, this is well past both the one-year and three-year bars that govern TILA actions. Lowery argues, however, that the limitations periods should be equitably tolled due to fraudulent concealment[2] and/or the time limitations do not

---

[2]Plaintiff includes a separate "Fraudulent Concealment Claim," in the Amended Complaint. (Doc. 6 at 6.) Lowry does not identify the legal basis for this claim. However, it is evident from the allegations in the Amended Complaint and her arguments in response to Defendant's motion to dismiss that Plaintiff's "Fraudulent Concealment Claim" is a claim that the TILA limitations periods should be equitably tolled for

apply because her action is one of recoupment. "'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998) (citing *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 347 (1874)). "Recoupment is '[t]he right of a defendant, in the same action, to cut down the plaintiff's demand either because the plaintiff has not complied with some cross obligation of the contract on which he sues or because he has violated some duty which the law imposes on him in the making or performance of that contract." *In re Smith*, 737 F.2d at 1552 n.7.

Yet, neither equitable tolling nor recoupment save Plaintiff's rescission claim. In *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998), the U.S. Supreme Court held that the three-year limitations period in 15 U.S.C. § 1635(f) is not a statute of limitations that bars a remedy but allows a right to be enforced after the prescribed time. Rather, the three-year requirement "extinguish[es] the right which is the foundation for the claim." *Id*. at 416. Because TILA "permits no federal right to rescind,

---

"fraudulent concealment"; it is not a separate legal claim.

defensively or otherwise, after the 3-year period of § 1635(f) has run," *id.* at 419, Plaintiff's rescission claim is untimely and must be dismissed.

TILA claims for money damages, however, are subject to equitable tolling, *Ellis*, 160 F.3d at 708, and possibly recoupment, *In re Smith*, 737 F.2d at 1553.  The Court addresses each theory in turn.

Plaintiff contends that she was unable to bring her TILA claims earlier because of "fraudulent concealment."  In order to equitably toll a statute of limitations for fraudulent concealment, a plaintiff "must demonstrate either that [s]he acted with due diligence to discover the negligently concealed fraud or that one of the parties involved in the alleged fraud took positive steps to conceal the [nondisclosures]."  *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 702 (11th Cir. 2005).  "The limitations clock starts ticking when the plaintiff obtains-or should have obtained-knowledge of the underlying fraud."  *Id.* at 701.

 Lowery's Amended Complaint does not allege that Wells Fargo took any affirmative actions to conceal the alleged nondisclosures.  Her conclusory allegations of fraudulent concealment are insufficient under both *Iqbal* and Federal Rule of Civil Procedure 9(b), which requires that fraud

claims be pleaded with particularity.  The Amended Complaint also fails to include sufficient facts to support the assertion that Plaintiff acted with due diligence to discover the nondisclosures.  In fact, Lowery admits in her response memorandum that she discovered Defendant's alleged fraud when she "decided to review her Wells Fargo Home Mortgage and Wells Fargo Home Equity documents" while exploring the option of refinancing to obtain a lower rate in October 2009.  (Doc. 9 at 2.)  Her findings led to the subsequent consultation of library references, and Lowery filed suit two months later.  (*See id.*)  Since the information necessary to discover the alleged fraud was revealed by reviewing the documents Plaintiff obtained and has held since September 2003, equitable tolling is inappropriate.

The parties disagree whether recoupment applies in this case.  "To qualify as recoupment a cause of action must be asserted defensively."  *In re Smith*, 737 F.2d at 1554.  Wells Fargo argues that it has not initiated any proceedings against the plaintiff to collect on her debt.  Lowery counters that she has sufficiently alleged in the Amended Complaint that Defendant started foreclosure proceedings on her home.

In the Amended Complaint, Plaintiff states: "On or about December 11, 2009[,] WELLS FARGO initiated a foreclosure process [due] to an alleged default, copy attached hereto as EXHIBIT 3."  (Doc. 6 ¶ 17.)  Exhibit 3 is a letter, dated December 13, 2009, which notifies Lowery that her loan is in default and states that if payments are not current by January 12, 2010, "we will proceed with acceleration.  Once acceleration has occurred, we may take steps to terminate your ownership in the property by a foreclosure proceeding or other action to seize the home or pursue any other remedy permitted under the terms of your Mortgage."  (*Id.*, Ex. 3.)  Contrary to Plaintiff's allegation, Exhibit 3 establishes that Wells Fargo had not initiated collection proceedings.  "Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Tucker v. Nat'l Linen Service Corp.*, 200 F.2d 858, 864 (5th Cir. 1953).[3]  Since there is no action to collect the debt, Plaintiff's action cannot be asserted defensively and recoupment is unavailable.

---

[3]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Because neither equitable tolling or recoupment apply to extend the one-year statute of limitations for Plaintiff's TILA claims for money damages, these claims will also be dismissed.[4]

---

[4]In the "Statement of Facts" portion of the Amended Complaint, Plaintiff includes the following:
> The allege loan has material violations of TILA and the Real Estate Settlement Procedures Act (RESPA).  Specifically, Plaintiff as a least sophisticated person was completely unaware that she was entitled to proper recission notices and her substantive rights to rescind the Transaction within three days of consummation.  Conspicuously absent from the closing documents are proper recission notices and Finance charges disclosures under TILA; Reg Z. . . .
> Plaintiff made a deposit of earnest money in the amount of $5,000.00 and Defendant did not give credit on Good Faith Estimate or on the Truth and Lending Statement.  The Real Estate Settlement Procedures Act (RESPA) requires creditors to provide a good faith estimate of closing costs and a statement listing the amounts paid by the consumer including Earnest Money. [sic]

(Doc. 6 at 3-4, ¶¶ 8, 13.)  These are Lowry's only mentions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, in the Amended Complaint.  Plaintiff does not include a separate count for a RESPA claim and does not make any claim for relief under RESPA.  (*Id*. at 11-12.)

"Federal Rule of Civil Procedure 10(b) requires that the averments of a claim 'shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . and each claim found upon a separate transaction or occurrence . . . shall be stated in a *separate count*.'"  *Washington v. Bauer*, 149 Fed. Appx. 867, 869 (11th Cir. 2005) (quoting Fed. R. Civ. P. 10(b)) (emphasis added).  While courts "do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education," "this leniency does not give a court license to serve as *defacto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted).  Even *pro se* complaints "must comply with the procedural rules governing the proper form of pleadings." *Bauer*, 149 Fed. Appx. at 869 (citing *McNeil v. United States*, 508 U.S. 106,

IV.     Conclusion.

For the reasons outlined above, Defendant's motion to dismiss will be granted in all respects. A separate order will be entered.

Done this <u>6th</u> day of <u>October 2010</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297

---

113 (1993)). To the extent Plaintiff seeks to pursue a claim under RESPA, that action is due to be dismissed for failure to state a claim.

The Court finds it worthy to note, however, that even if a RESPA claim were properly alleged in the Amended Complaint, it would be dismissed. While 12 U.S.C. § 2604(c), "requires each lender to provide the borrower with a 'good faith estimate' of the amount or range of charges for specific settlement services the borrower is likely to incur," the statute does not create a private cause of action for any violation of that provision. *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997).